# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>TOM CAGLE and REBECCA DENNIS,<br><br>    Defendants. | Case No. 1:18-cv-01020-LJO-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(3) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO THIS COURT ISSUING FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER<br><br>(ECF NO. 1)<br><br>THIRTY (30) DAY DEADLINE |

Wayne Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 24, 2018. (ECF No. 1).

Plaintiff provides very few facts in his complaint. From what the Court can determine, Plaintiff is complaining that Defendant T. Cagle made inappropriate and offensive comments of a sexual nature to Plaintiff. As described below, this conduct does not appear to rise to the level of a constitutional violation under the Eighth Amendment, which prohibits cruel and unusual punishment.

The Court provides the relevant legal standards below. If Plaintiff believes that he has suffered from a violation of his Eighth Amendment rights under these legal standards, he can file an amended complaint within thirty days that describes all the relevant facts. If Plaintiff disagrees with this order, Plaintiff can inform the Court that he wishes to stand on his

complaint, in which case the Court will issue findings and recommendations to the District Judge consistent with this order.

I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 9), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

///

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's statement of facts in his complaint is very brief. Plaintiff alleges that "they" knew or should have known of Defendant Cagel's sexual orientation, which is homosexual. He alleges that staff placed him at risk. Prison inmates are often afforded the opportunity to prescreen where they will be placed or the positions that they are forced to take. Here, Plaintiff was forced into the job position of laundry staff with Defendant Cagle.

Plaintiff also attaches his 602 prison grievances and the prison's response. The response to one staff complaint describes the issue as follows:

> Inmate W. Thompson (Appellant) is alleging his constitutional Eight [sic] Amendment Right was violated due to continuous sexual comments and jokes expressed by Material and Store Supervisor (MSSI) (Alleged Staff Member) T. Cagle, which started approximately one (1) week after Appellant was assigned to Laundry as an inmate worker.
>
> Specifically, Appellant alleges that Alleged Staff Member sexually harassed him by making "cat call" noises and referring to Appellant and other Laundry inmate-workers as "Chippendale Dancers" when Appellant and other Laundry inmate-workers would change in and out of their state-issued work attire prior to and after work. Appellant further alleges that Alleged Staff Member has made remarks in relation to anal sex and the male anatomy and has stated, "Fuck me running."

(ECF No. 1, at p. 8).

## III. ANALYSIS OF PLAINTIFF'S CLAIMS

"The Constitution... 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations omitted) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 349. Whether a specific act constitutes cruel and unusual punishment is measured by "'the evolving standards of decency that mark the progress of a maturing society.' " Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958) (plurality opinion)). In evaluating a prisoner's claim, courts consider whether "'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a

constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (alteration in original) (quoting Wilson, 501 U.S. at 298, 303, 111 S.Ct. 2321).

"[P]risoners have a clearly established Eighth Amendment right to be free from sexual abuse." Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000). However, "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal citation omitted). While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the later to be in violation of the constitution." Minifield v. Butikofer, 298 F.Supp.2d 900, 904 (N.D. Cal. 2004) (citing Schwenk, 204 F.3d at 1198)). See Hill v. Rowley, 658 Fed.Appx. 840, 841 (9th Cir. 2016) (finding allegations of deliberate, unwanted touching sufficient to state a claim for sexual harassment that violates the Eighth Amendment); Wood v. Beauclair, 692 F.3d 1041, 1046–51 (9th Cir. 2012) (reversing summary judgment on behalf of defendant because plaintiff's allegations of sexual harassment that included physical contact of a sexual nature was sufficient to state Eighth Amendment claim); Austin, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him); Blacher v. Johnson, 517 Fed.Appx. 564 (9th Cir. 2013) (sexual harassment claim based on verbal harassment insufficient to state a claim under § 1983); Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd.").

However, verbal harassment may violate the Constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). Cf. Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986) (drawing gun and terrorizing prisoner with threats of death while using racially offensive language immediately after prisoner gave testimony against another guard presents cognizable claim).

1    Applying these legal standards to the allegations in Plaintiff's complaint, Plaintiff has failed to state a claim for cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff provides very few facts, so it is difficult to understand what happened. But even using the description in the 602 grievance letters to understand the issue, it appears that Plaintiff is complaining about verbal sexual harassment. While this conduct may violate prison rules and be inappropriate and offensive, it does not appear to rise to the level of unconstitutional under the Eighth Amendment.[1]

The Court will give Plaintiff leave to amend his complaint. If Plaintiff believes he suffered from unconstitutional conduct, he should refer to the legal standards above and allege facts he believes show a violation of his constitutional rights.

## IV. CONCLUSION AND ORDER

The Court finds that the complaint fails to state any cognizable claims for the reasons described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey

---

[1] Plaintiff's also attempts to bring a claim for the violation of his rights because of "The overall redicule [sic] and scorn and stigma's [sic] that comes from both staff and inmates concerning 'whistle blower.'" It is not clear what claim Plaintiff is attempting to bring, and Plaintiff does not appear to allege any facts to support it. However, in case Plaintiff was attempting to bring a First Amendment retaliation claim, the Court provides Plaintiff with the following legal standards.

Allegations of retaliation against a prisoner's First Amendment rights may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). See also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

While prisoners have no freestanding right to a prison grievance process, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system," Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567.

v. Maricopa County, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff should also note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this lawsuit or adding more unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Alternatively, Plaintiff may choose to stand on this complaint, in which case this Court will issue findings and recommendations to the assigned district judge to dismiss this case.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk of Court shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint, if he believes additional true factual allegations will state cognizable claim(s); or
   b. Notify the Court that he wishes to stand on the complaint, subject to this Court issuing findings and recommendations to the assigned district judge consistent with this order;
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-01020-LJO-EPG; and

\\\
\\\
\\\
\\\
\\\

4. If Plaintiff fails to, within **thirty (30) days** from the date of service of this order, (1) file an amended complaint or (2) notify the Court that he wishes to stand on this complaint, the Court will issue findings and recommendations to the assigned district court judge recommending that Plaintiff's case be dismissed for failure to state a claim, failure to prosecute, and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **September 24, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE