# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>TOM CAGLE and REBECCA DENNIS,<br><br>    Defendants. | Case No. 1:18-cv-01020-LJO-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ALL CLAIMS AND DEFENDANTS**<br><br>(ECF No. 23)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

Wayne Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 24, 2018. (ECF No. 1). On September 24, 2018, the Court issued a screening order which found no cognizable claims, but granted leave to amend. (ECF No. 12). Plaintiff filed a First Amended Complaint ("FAC") on February 8, 2019. (ECF No. 23).

The Court has reviewed that FAC and recommends dismissing the FAC without leave to amend. Plaintiff may file objections to these findings and recommendations within twenty-one days of the date of service of this order, which will be reviewed by the district judge.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1

1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 9), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

The statement of facts in Plaintiff's complaint is very brief. Plaintiff alleges that Defendant Tom Cagle, employed as laundry staff, "utilized his position toward unwanted sexual advances." (ECF No. 23, at p. 3). He also alleges that "Defendant Tom Cagle has a history of sexual misconduct his supervisor failed to address this staff member misconduct. And his sexual overture relating to his being free from these unwanted advancement." (Id.). Further, "Defendant subjected plaintiff to verbal conduct of a sexual nature making his work environment a hostile environment. This conduct was unwelcome." (Id. at 4).

Plaintiff also attaches his 602 prison grievances and the prison's response. The response to one staff complaint describes the issue as follows:

> The appellant alleges while he was changing in his work assignment, Material and Store Supervisor-I (MSS-I) T. Cagle sexually harassed him by verbally directing "cat call" expressions toward him. The appellant claims he confronted MMS-I Cagle of the aforementioned action and MMS-I Cagle indicated if the appellant was not fond of the "cat call," the appellant can be replaced by an alternate inmate. The appellant further alleges MSS-I Cagle was excessive in making inappropriate sexual remarks against him regarding anal sex, comparing male anatomy of different ethnicities, and stated, "Fuck me running."

(ECF No. 23, at p. 8).

## III.  ANALYSIS OF PLAINTIFF'S CLAIMS

"The Constitution... 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations omitted) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 349. Whether a specific act constitutes cruel and unusual punishment is measured by "'the evolving standards of decency that mark the progress of a maturing society.' " Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958) (plurality opinion)). In evaluating a prisoner's claim, courts consider whether "'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8, (1992) (alteration in original) (quoting Wilson, 501 U.S. at 298, 303).

"[P]risoners have a clearly established Eighth Amendment right to be free from sexual abuse." Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000). However, "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal citation omitted). While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the later

3

to be in violation of the constitution." Minifield v. Butikofer, 298 F.Supp.2d 900, 904 (N.D. Cal. 2004) (citing Schwenk, 204 F.3d at 1198)). See Hill v. Rowley, 658 Fed.Appx. 840, 841 (9th Cir. 2016) (finding allegations of deliberate, unwanted touching sufficient to state a claim for sexual harassment that violates the Eighth Amendment); Wood v. Beauclair, 692 F.3d 1041, 1046–51 (9th Cir. 2012) (reversing summary judgment on behalf of defendant because plaintiff's allegations of sexual harassment that included physical contact of a sexual nature was sufficient to state Eighth Amendment claim); Austin, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him); Blacher v. Johnson, 517 Fed.Appx. 564 (9th Cir. 2013) (sexual harassment claim based on verbal harassment insufficient to state a claim under § 1983); Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd.").

However, verbal harassment may violate the Constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). Cf. Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986) (drawing gun and terrorizing prisoner with threats of death while using racially offensive language immediately after prisoner gave testimony against another guard presents cognizable claim).

Applying these legal standards to the allegations in Plaintiff's complaint, Plaintiff has failed to state a claim for cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff provides very few facts, so it is difficult to understand what happened. But even using the description in Plaintiff's grievance and the subsequent responses to understand the issue, it appears that Plaintiff is complaining about verbal sexual harassment. While this conduct may violate prison rules and be inappropriate and offensive, it does not appear to rise to the level of a constitutional violation under the Eighth Amendment.

\\\

\\\

4

## IV. CONCLUSION AND RECOMMENDATIONS

The Court has screened Plaintiff's FAC, and finds that Plaintiff fails to state any cognizable constitutional claims. Thus, the Court recommends that Plaintiff's FAC be dismissed, with prejudice, for failure to state a claim.

The Court does not recommend granting further leave to amend because the Court provided Plaintiff an opportunity to amend his complaint with the benefit of the legal standards above, and Plaintiff filed an amended complaint. However, Plaintiff once again provided very few factual allegations, and his complaint once again fails to state a claim. Thus, further amendment would be futile.

These findings and recommendations are submitted to the district judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 12, 2019**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE